FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2009 NOV 24 P 3: 32
CLERK [signature]
SO. DIST. GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| REGINALD MATHIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 109-122 |
| ) | |
| LHR, INC., and JOHN DOES, 1 through ) | |
| 10 inclusive, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in this case. As Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

## I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names the following Defendants: (1) LHR, Inc., and (2) John Does, 1 through 10 inclusive.[1]

---

[1] Plaintiff has identified Defendants Does 1 through 10 inclusive as principals, beneficiaries, agents, co-conspirators, joint venturers, alter egos, and/or third party beneficiaries of LHR, Inc. (Doc. no. 1, p. 2).

(Doc. no. 1, p. 1). Plaintiff attempts to raise a claim pursuant the Fair Debt Collection Practices Act, a claim pursuant the Fair Credit Reporting Act ("FCRA"), and a claim for invasion of privacy.

According to Plaintiff, sometime prior to May 2009 he incurred a financial obligation that was primarily for personal, family, or household purposes. (Id. at 2). Sometime thereafter the alleged debt was consigned or otherwise transferred to Defendant LHR, Inc., for collection. (Id.). In May and June 2009, Plaintiff requested verification of the purported debt from Defendants, but they never provided any such verification. Additionally, Defendants continued to list the purported debt on Plaintiff's credit report. (Id.).

Next, Plaintiff maintains that in June 2009 he notified Defendants that the account(s), presumably denoting the purported debt, did not belong to him and again requested that they provide some verification of the debt, or delete it.[2] (Id. at 3). According to Plaintiff, despite his actions, Defendants continued to report this debt as open and current even though Defendants were now aware that the debt did not belong to him. (Id.). Plaintiff states that as a result of Defendants' collection activities, he has suffered loss of self-esteem and peace of mind, and has suffered emotional distress, humiliation and embarrassment. (Id.).

## II. DISCUSSION

Plaintiff seeks to recover from Defendants pursuant to the FCRA. (Id.). Under the FCRA, "civil liability for improper use and dissemination of credit information may be imposed on only a consumer reporting agency or user of reported information who willfully

---

[2]Plaintiff acknowledges initially, that he had incurred a debt; the crux of Plaintiff's claims is that this debt does not belong to him. Notably, however, Plaintiff does not clarify or provide any explanation for this change in his "debt" status.

2

or negligently violated the FCRA." Rush v. Macy's New York, Inc., 775 F.2d 1554, 1557 (11th Cir. 1995) (citing 15 U.S.C.A. §§ 1681n and 1681o). Plaintiff's case against Defendants pursuant to the FCRA fails because Defendants are not a credit reporting agency. The FCRA provides that a credit reporting agency is:

> any person which, for monetary fees, dues or on a cooperative non-profit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

Id. at 1557 (citing 15 U.S.C.A. § 1681a(f)). Defendants do not fall within this definition, as Defendants are merely a collection agency and/or engaged in the collection of debts from consumers. (Doc. no. 1, pp. 1, 2).

Plaintiff's FCRA claim also fails because the information provided by Defendants was not a consumer report. The FCRA defines a consumer report as:

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (1) credit or insurance to be used primarily for personal, family or household purposes, or (2) employment purposes, or (3) other purposes authorized under Section 1681(b) of this title.

Rush, 775 F.2d at 1557 (citing 15 U.S.C.A. § 1681a(d)). Thus, Defendants information was not a consumer report. Simply put, even *liberally* construing Plaintiff's complaint, he fails to state a claim pursuant to the FCRA against Defendants, and thus, the claim should be dismissed.

3

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's FCRA claim be **DISMISSED** from the case.[3]

SO REPORTED and RECOMMENDED on this 24th day of November, 2009, at Augusta, Georgia.

_W. Leon Barfield_
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3]In a simultaneously filed Order, the Court has directed that service of process be effected on Defendants for Plaintiff's Fair Debt Collection Practices Act and invasion of privacy claims.

4