IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| REGINALD MATHIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 109-122 |
| ) | |
| JOHN DOES, 1 through 10 inclusive, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed his complaint in the above-captioned case on October 7, 2009. (Doc. no. 1.) On November 24, 2009, the Court granted Plaintiff permission to proceed *in forma pauperis* and, after screening his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), allowed him to proceed with his Fair Debt Collection Practices Act claim and invasion of privacy claim against former-Defendant LHR, Inc. ("LHR")[1] and Defendants Does 1 through 10.[2] (Doc. no. 5, pp. 1, 3.) In addition, the Court ordered the U.S. Marshal to serve process on all Defendants. (Id. at 3.) However, the Court noted that Plaintiff had not provided sufficient information for the Marshal to identify and locate the Doe Defendants;[3]

---

[1] LHR was dismissed from this case following a settlement. (Doc. no. 11.)

[2] Plaintiff's Fair Credit Reporting Act claim was dismissed for failure to state a claim in an Order issued by the Honorable J. Randal Hall, United States District Judge, in accordance with this Court's recommendation. (Doc. nos. 6 & 9.)

[3] Plaintiff had identified the Doe Defendants as principals, beneficiaries, agents, co-conspirators, joint venturers, alter egos, and/or third party beneficiaries of LHR. (Doc. no. 1, p. 2.)

accordingly, the Court explained that Plaintiff was responsible for providing sufficient information for the Marshal to identify and locate Defendants and instructed that Plaintiff should provide the requisite identifying information as soon as possible. (Id. at 3 n.4.) Moreover, the Court specifically informed Plaintiff that under Fed. R. Civ. P. 4(m), any defendant not served within 120 days of the November 24, 2009 Order could be dismissed. (Id. at 5.) Because Plaintiff has not provided adequate information as to the Doe Defendants' identities and location, the Marshal has not been able to effect service on them.

After the 120 days allowed for service had elapsed, and there was no evidence in the record that the Doe Defendants had been served, the Court directed Plaintiff to show cause why his claims against them should not be dismissed without prejudice for failure to effect service. (Doc. no. 12.) Plaintiff did not respond to the Show Cause Order.

As the Court explained in its September 7th Show Cause Order, under Fed. R. Civ. P. 4(m), the courts have discretion to extend the time for service with no predicate showing of good cause. (Doc. no. 12 (citing Henderson v. United States, 517 U.S. 654, 662-63 (1996); Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005).) Moreover, if a plaintiff fails to show good cause for failing to timely effect service, a court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007). Nevertheless, the decision to extend the time for service is within the Court's sound discretion.

The Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is

2

evading service or if the statute of limitations would bar a refiled action. Horenkamp, 402 F.3d at 1132-33 (citing Advisory Committee Note to 1993 Amendment to Rule 4(m)). There is no evidence of either factor in this case. Furthermore, Plaintiff's failure to communicate with the Court regarding his inability to effect service of process upon the Doe Defendants is indicative of an abandonment of his claims against them, rather than excusable neglect or any other reason to further extend the time for service.

The Court has warned Plaintiff on two separate occasions that it is his responsibility to provide identifying information so that the Marshal can effect service, and that failure to effect service upon the Doe Defendants would lead to dismissal of his claims against them. (See doc. nos. 5, 12.) Fed. R. Civ. P. 4(m) directs that, should a plaintiff fail to timely effect service, the Court "shall dismiss the action without prejudice." Accordingly, in the absence of *any* reason to further extend the time for service, it is appropriate to recommend the dismissal of Plaintiff's claims against Defendants Does 1 through 10. As the Doe Defendants are the only remaining defendants in this case, the Court **REPORTS** and **RECOMMENDS** that Defendants Does 1 through 10 be **DISMISSED WITHOUT PREJUDICE** for failure to timely effect service, and that this civil action be **CLOSED**. See Schnabel v. Wells, 922 F.2d 726, 728-29 (11th Cir. 1991).

SO REPORTED and RECOMMENDED this 30th day of September, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

3